**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| AMANDA J. GOODWIN SHENKER, | CASE NO. 5:26-cv-01030 |
| Plaintiff, | JUDGE BENITA Y. PEARSON |
| vs. | MAGISTRATE JUDGE AMANDA M. KNAPP |
| COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | **INTERIM REPORT AND RECOMMENDATION** |
| Defendant. | |

Plaintiff Amanda J. Goodwin Shenker ("Plaintiff" or "Ms. Goodwin Shenker") filed a

Complaint against Defendant Commissioner of Social Security on May 1, 2026 (ECF Doc. 1)

along with an Application to Proceed in District Court Without Prepaying Fees or Costs (ECF

Doc. 2 ("IFP Application")).  For the reasons set forth below, the undersigned recommends the

Court **DENY** the IFP Application (ECF Doc. 2) and require Ms. Goodwin Shenker to pay the

filing fee in this matter within thirty day or face dismissal without prejudice.

## I.      Relevant Background

In support of her IFP application, Ms. Goodwin Shenker avers that average monthly

income over the past twelve months totaled $11,338.44—with $8,003.00 in employment

earnings for her spouse, $3,240.00 in unemployment payments for her spouse, $79.44 in interest

and dividends for her spouse, and $16.00 in interest and dividends for herself.  (ECF Doc. 2, pp.

1-2.)  She avers that the income expected next month is $3,356.00—with $3,240.00 in

unemployment payments for her spouse, $100.00 in interest and dividends for her spouse, and

$16.00 in interest and dividends for herself.  (*Id*.)  Ms. Goodwin Shenker also reports the

1

following assets: $250.00 in cash; $5,837.00 in checking accounts in her name; $49,215.00 in

checking and savings accounts in her spouse's name; a home valued at $411,000.00; two

vehicles, one valued at $35,422.00 and one valued at $10,550.00.  (*Id*. at pp. 2-3, 7.)  She reports

combined monthly expenses totaling $9,001.50 and two minor children who rely on them for

support.  (*Id*. at pp. 3-5, 7.)  Finally, she reports that her husband is actively looking for

employment and they plan to seek to refinance their mortgage once her spouse obtains

employment, and to apply the funds in her spouse's savings account toward the principal of their

current mortgage once they are able to refinance.  (*Id*. at pp. 5, 7.)

## II.      Law and Analysis

This Court has authority under 28 U.S.C. § 1915 to "authorize the commencement . . . of

any suit . . . without prepayment of fees or security therefor, by a person who submits an

affidavit that includes a statement of all assets such [person] possesses that the person is unable

to pay such fees or give security therefor." *Ciavarella v. Comm'r of Soc. Sec.*, No. 5:13-CV-

2031, 2013 WL 5354091, at *1 (N.D. Ohio Sept. 24, 2013) (quoting 28 U.S.C. § 1915(a)(1)); *see*

*also Fox v. Comm'r of Soc. Sec.*, No. 5:19-CV-1301, 2019 WL 13201201, at *1 (N.D. Ohio June

14, 2019) (same).  As recognized by the Sixth Circuit, "pauper status does not require absolute

destitution." *Ciavarella*, 2013 WL 5354091, at *1 (quoting *Foster v. Cuyahoga Dep't of Health*

*& Hum. Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001)).  Instead, "the relevant question is

'whether the court costs can be paid without *undue* hardship.'" *Id*. (emphasis in original).

Whether to allow an individual "to proceed IFP is within the Court's discretion." *See*

*Ciavarella*, 2013 WL 5354091, at *1 (internal citation omitted).  When considering an

applicant's request to proceed IFP, federal courts generally consider not only an applicant's

monthly income, but also an applicant's "other financial resources, including resources that

2

could be made available from the applicant's spouse, or other family members" and "equity in real estate and automobiles." *Id.* at *1 (collecting cases).

Here, even though Ms. Goodwin Shenker's IFP Application reflects that she and her spouse expect a reduction in their monthly income, that reduction does not appear to be permanent given that her spouse actively seeking employment. Further, given that Ms. Goodwin Shenker reports over $50,000.00 in available funds between her and her spouse, and considering that the filing fee for a new civil case is $405.00,[1] it appears Ms. Goodwin Shenker possesses the financial ability to cover the costs of filing the complaint without undue financial hardship. "Rather than a case where the filing fee poses an undue hardship, this is a case in which Plaintiff must 'weigh the financial constraints posed by pursuing her complaint against the merits of her claims.'" *Hines v. Comm'r of Soc. Sec. Admin.*, No. 5:17CV2332, 2017 WL 6047651, at *2 (N.D. Ohio Dec. 7, 2017) (internal citations omitted). Accordingly, the undersigned concludes that the IFP application should be denied

### III.     Recommendation

For the foregoing reasons, the undersigned recommends that the Court **DENY** Plaintiff's IFP Application (ECF Doc. 2) and require her to pay the filing fee in this matter within thirty days, or face dismissal of the action without prejudice.

Dated: May 6, 2026

/s/ Amanda M. Knapp
AMANDA M. KNAPP
UNITED STATES MAGISTRATE JUDGE

---

[1] *See https://www.ohnd.uscourts.gov/fee-schedule* (last visited 5/5/2026)

## **OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  See *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).